UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DOUG BERNACCHI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:22CV130-PPS/JPK |
| | ) |
| JAY SAINE, and LAKE COUNTY CIVIL | ) |
| PROCESS SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Doug Bernacchi, representing himself pro se in this action, has filed a complaint, and a motion for leave to proceed in forma pauperis. [DE 1, 2.] Because Bernacchi asks to file his case without payment of the filing fee that is ordinarily required, his complaint is subject to a review on the merits. Under 28 U.S.C. §1915(e)(2)(B), "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...(B) the action...(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This standard requires dismissal if the complaint is meritless. The Supreme Court interpreted the Rule 12(b)(6) pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss under that standard, a complaint must "state a claim to relief that is plausible on its face," which in turn requires factual allegations sufficient to permit a reasonable

inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S, 570, 556.

Bernacchi's complaint does not plausibly state any claim for relief, nor does it identify the basis for the court's jurisdiction. The allegations are simply unclear, failing to plainly explain who defendant Jay Saine is, what dealings the parties have had with one another or what conduct the defendants have engaged in that would give rise to the any right to relief, or even what relief is sought. References to Utah and some court action there are entirely cryptic. Bernacchi has failed to "give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

The complaint contains language requesting an ex parte temporary restraining order. [DE 1 at 6.] The basis for and substance of the TRO sought are as unclear as the rest of the complaint. Moreover, the request fails to comply with the applicable local rule of this court. N.D.Ind. L.R. 65-1(b) provides that "[t]he court will consider requests for temporary restraining orders only if the moving party: (1) files a separate motion for relief, (2) files a supporting brief; and (3) complies with Fed.R.Civ.P. 65(b)." Bernacchi has not complied with any of these requirements.

**ACCORDINGLY:**

Because plaintiff Doug Bernacchi's complaint does not state a plausible claim for relief, his motion for leave to proceed in forma pauperis [DE 2] is DENIED, and his case is DISMISSED.

Bernacchi's request for temporary restraining order is DENIED for failure to comply with N.D.Ind. L.R. 65-1(b).

The case is now CLOSED.

**SO ORDERED**.

ENTERED: May 13, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT